IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| PLAINTIFF | ) |
| V. | )   CASE NO. 1:17-CR-00042 |
| | )             1:18-CR-00017 |
| EDWARD THOMAS DEBORD, JR. | ) |
| | ) |
| DEFENDANT | ) |

MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT

William E. Bradshaw, counsel for the defendant Edward Thomas DeBord, Jr.

("DeBord"), moves the Court to enter its order permitting him to withdraw as counsel for the

defendant, and in support thereof says as follows:

1.     DeBord was indicted in Case No. 1:17-cr-00042 on December 1, 2017. At that

time, he was represented by Brian Manning Ely. Mr. Ely negotiated a plea agreement on

DeBord's behalf and DeBord entered his guilty plea on April 26, 2018 (Docket Entry No. 39). A

presentence report has been prepared in that case, but sentencing has not yet taken place.

2.     On August 10, 2018, DeBord was indicted in Case No. 1:18-cr-00017. Counsel

was appointed to represent DeBord on these charges on August 25, 2018.

3.     Mr. Ely moved to withdraw as DeBord's counsel in Case No. 1:17-cr-00042 on

August 26, 2018 and this counsel was appointed to represent DeBord in Case No. 1:17-cr-00042

on August 27, 2018, the date Mr. Ely was allowed to withdraw (Docket Entry No. 51 in 1:17-cr-

00042).

4.     Since that time, counsel has thoroughly reviewed the discovery in both Case No.

1:17-cr-00042 and 1:18-cr-00017. Counsel met with Mr. DeBord on numerous occasions to

discuss the advisability of changing his initial plea of not guilty to the charges set forth in 1:18-

1

cr-00017 and the potential effect of a failure to do so on the plea agreement in 1:17-cr-00042, which has been filed with, but not accepted by, the Court.

5.      Counsel and the United States Attorney's Office, acting through Special Assistant United States Attorney M. Suzanne Kerney-Quillen, have had numerous conversations concerning a plea agreement in 1:18-cr-00017.

6.      On January 9, 2019, with Mr. DeBord's express consent and prior authorization, Mr. DeBord, counsel and Ms. Kerney-Quillen executed a plea agreement in 1:18-cr-00017, which was filed with the Court that day (Docket No. 16).

7.      On the morning of January 10, 2019, Mr. DeBord telephoned counsel and announced that he had decided he would not change his plea after all and rejected the plea agreement he had signed on January 9, 2019.

8.      During the course of the conversation, Mr. DeBord expressed the feeling that he had been pressured and rushed into signing the plea agreement, implying that counsel had not adequately or effectively represented him in the plea negotiations and had convinced him to sign an agreement contrary to his wishes.

9.      Counsel does not feel under the circumstances that he can maintain an effective attorney-client relationship with Mr. DeBord.  Communication between Mr. DeBord and counsel have become very difficult.  Counsel does not believe he can continue to represent Mr. DeBord in accordance with his obligations to the Court and Mr. DeBord, and as required by the Virginia Rules of Professional Conduct.

WHREFORE, the undersigned respectfully moves the Court to enter its order allowing him to withdraw as counsel for Mr. DeBord in both Case No. 1:17-cr-00042 and 1:18-cr-00017.

2

WILLIAM ELBERT BRADSHAW

Court-Appointed Counsel for
Edward Thomas DeBord, Jr.


_W.E.Bradshaw_

William E. Bradshaw
P. O. Box 267
Big Stone Gap, VA 24219
276-523-2428


## CERTIFICATE OF SERVICE

I hereby certify that on January **10**, 2019, I caused the foregoing Motion for Withdraw

to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send

notification to Martha Suzanne Kerney-Quillen, representing the United States, and parties of

record.


_WFBradshaw_

William E. Bradshaw

3