IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRIGNIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Nos.:   1:17-CR-00042 |
| ) | |
| ) | |
| EDWARD THOMAS DEBORD, JR. ) | |
| ) | |
| Defendant. ) | |

SENTENCING MEMORANDUM

The defendant, Edward Thomas DeBord, Jr. ("DeBord"), by counsel, submits this Memorandum and asks this Court to consider it in determining the appropriate sentence for DeBord's role in the conduct to which he pled guilty on April 26, 2018, which was Conspiracy to Possess with the Intent to Distribute and Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841, and Conspiracy to Possess with the intent to Distribute and Distribute 100 Grams or more of Heroin, in violation of 21 U.S.C. §§ 846 and 841.

DeBord also requests that the Court accept the plea agreement that he entered into with the Government, and thereby that he be sentenced, by the Court, to a sentence within the range as set forth in the plea agreement of 188 months to 210 months.

Brief Background and Statement of Facts

A Federal Grand Jury, sitting in Abingdon, Virginia, returned a 9-count indictment on December 18, 2017.  DeBord and one other individual, Zachary Blue Carter, were indicted by the Grand Jury.

On April 26, 2018, DeBord pled guilty to Count 7 of the indictment, which was Conspiracy to Possess with the Intent to Distribute and Distribute 50 Grams or more of Methamphetamine in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841 (b)(1)(A), and he also pled guilty to Count 8 of the indictment, which was Conspiracy to Possess with the Intent to Distribute and Distribute 100 Grams or More of Heroin, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841 (b)(1)(B).

On April 17, 2018, Pursuant to Fed. R. Crim. P. 11(c)(1)(C) DeBord and the United States agreed that he would be sentenced to a period of incarceration within the range of 188 months to 210 months. DeBord asks that the Court honor the plea agreement that he entered into with the Government and sentence him with the range of 188 months to 210 months of incarceration.

## Discussion/Argument

DeBord was born April 15, 1970, in Marion Virginia. (Presentence Investigation Report, Docket Item No. 82, "PIR", Pg. 11.) Both of his parents worked, and he had a sister in the home. *Id.* There were no allegations of abuse in the DeBord home and none of his immediate family had a criminal history. *Id.* DeBord has no history of mental or emotional problems. PIR at 12

Later DeBord married and then divorced. (PIR at 12). He has three children one of which is incarcerated. (PIR at 12).

DeBord has an extensive history of drug use starting when he was 19 years old. (PIR at 12). DeBord started using alcohol when he was 18; this led him to crack cocaine; and this eventually led him to where he is today, a methamphetamine user. (PIR at 12).

DeBord has a high school education with one semester at Virginia Highlands Community College. (PIR at 13).

## 18 USC § 3553(a)

"The Court shall impose a sentence sufficient, but not greater than necessary.... The Court, in determining the particular sentence to be imposed, shall consider—

1) **The nature and circumstance of the offense and the history and characteristics of the defendant.**

<u>Substance Abuse History</u>

DeBord began using alcohol and drugs in high school when he was 19 years old. (PIR at 12). His early drug use led him to begin using Methamphetamine and like many others he began selling Methamphetamine to support his habit. DeBord's slow progression of addiction spiraled out of control until he was indicted by the Federal Grand Jury on December 18, 2017.

<u>Family</u>

DeBord has three children. His mother is also living. He and the majority of his family resided in Saltville, Virginia and have done so for most of their lives. DeBord was very close to his father who passed away in 2002. (PIR at 11).

2) **The need for the sentence imposed—**
   a) To reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;
   b) To afford adequate deterrence to criminal conduct;
   c) To protect the public from further crimes of the defendant; and
   d) To provide the defendant with needed educational or vocational training ....

The agreed to sentence of 188 to 210 months is appropriate for this offense. DeBord and the Government stipulated to a criminal offense level of 34 for the instant offense. A 34-offense level with a criminal history category of six (VI) would give DeBord a sentencing range of 262 months to 327 months. Further, the government agreed to give DeBord a three (3) level reduction to a sentencing level of 31, which then would provide a sentencing range of 188 -235 months. The

Government and DeBord's agreement only lowered the impact of his sentence by twenty-five (25) months or by two years and one month.

This is an adequate sentence for the crime that DeBord Committed; it is adequate to deter further criminal conduct; and it is adequate to protect the public.  If the Court imposed a sentence of 188 months, then, DeBord, who is 49 years old will be 64.6 years old when he is released. In fact, if the Court also considers that it will have to impose a sentence in Case No. 1:18-CR-00017, DeBord will likely be in his late sixties by the time he is released from incarceration.

3) **The kinds of sentences available**

DeBord leaves this sentencing factor to the discretion of the Court.  However, DeBord does request that the Court order him to the Residential Drug Abuse Program (RDAP).  DeBord has had an ongoing drug abuse problem since he was in high school at the age of 18.  He has received no drug abuse counseling or treatment.  DeBord very much wants to participate in the RDAP program and requests that the Court recommend this for him.

4) **The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;**

On January 31, 2019, Zachary Blue Carter, the co-defendant in this matter pled guilty to Count 7 of this indictment in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846, which was Conspiracy to Possess with the intent to distribute 50 grams or more of methamphetamine; Count 8 of the indictment in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846, which was conspiracy to distribute 100 grams or more of heroin; and he pled to Count 9 of the indictment in violation of 21 U.S.C. 856, which was to maintain a place for the purpose of manufacturing, distributing and using a controlled substance.  Mr. Carter received a sentence of 72 months, concurrently on each count, and he was order to the RDAP program.

Presentence Report:

DeBord respectfully renews his objections to the Presentence Report. Specifically, his objections to paragraphs Nos. 14 and 22, whereby he was enhanced 2 points to his base level offences for obstruction of justice. DeBord renews his objection and incorporates his argument from his objection to the Presentence Report, Docket Item No. 81. DeBord would further state that he was charged with and pled guilty to obstruction of justice and will be sentencing for this conduct in Case No. 1:18CR00017. He should not be punished twice for the same conduct. That is, he should not be punished in this case and in Case No. 1:18CR00017 for obstruction of justice.

DeBord also renews his objection that he accepted responsibility for his actions and should be afforded the three-point (3) deduction to his base level offense thereby affording him a 31 base level offense in this matter. DeBord accepted responsibly and timely pled guilty. His retaliatory conduct came after he had pled; it did not interfere with the prosecution or investigation of this case.

Conclusion:

For the reasons set forth above, and for the reasons stated in the objections to the presentence report, Edward Thomas DeBord, Jr. requests that this Court exercise its sound discretion and impose a sentence as agreed to in the plea agreement, in the range of 188-210 months. The Government has agreed to honor the stipulated sentence in the plea agreement. If the Court stays within the agreed upon range then this does not mean that the obstructive conduct will go unpunished, because DeBord has been charged with and pled guilty to obstruction of justice in 1:18CR00017, and in that case, as it stands today, he is receiving an eight (8) point enhancement to his base offense level for obstruction of justice.

Edward Thomas DeBord, Jr.<br>
By Counsel

/s/ C. Adam Kinser
C. Adam Kinser (VSB # 71149)
KINSER LAW, PLC
41342 West Morgan Avenue
Post Office Box 216
Pennington Gap, Virginia 24277
Ph. (276) 546-1099 Fax (276) 546-1109
kinserlaw@outlook.com
*Counsel for the Defendant Edward Thomas DeBord, Jr.*

Certificate of Service

I, herby certify that on the 4th day of February 2020, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ C. Adam Kinser<br>
C. Adam Kinser